**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **DIANE GONZALEZ,** | § | |
| INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY | § | |
| SITUATED, | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION 6:19-cv-00700-ADA** |
| **v.** | § | |
| | § | |
| **UNITEDHEALTH GROUP, INC.;** | § | |
| **AND OPTUM, INC.,** | § | |
| *Defendants*. | § | |

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT OPTUM,
INC.'S MOTION TO DISMISS, TRANSFER, OR STAY**

Came on for consideration this date the Motion of Defendant Optum, Inc. ("Optum") to dismiss, transfer or stay this case, filed on April 24, 2020 (ECF No. 23). Plaintiff Diane Gonzalez filed her response on May 8, 2020 (ECF No. 28), and Optum replied on May 15, 2020 (ECF No. 29). After careful consideration of the above briefing, the Court **DENIES IN PART AND GRANTS IN PART** Optum's motion to dismiss, transfer, or stay the case.

## I.     Factual Background and Procedural History

Beginning on September 24, 2019, Gonzalez alleges that she received a series of three prerecorded messages on her cellular telephone from United HealthCare Services, Inc. ("United HealthCare"), a subsidiary of UnitedHealth Group Inc. Amd. Compl. ¶ 26, ECF No. 14; Wong Decl. ¶ 5, Feb. 7, 2020, ECF No. 12-1. These messages intended to promote United HealthCare's HouseCalls program. *Id.* at ¶ 42. The HouseCalls program is a preventative care program operated by Optum, a subsidiary of United HealthCare. *Id.* at ¶ 2; Wong Decl. ¶ 2, Apr. 24, 2020, ECF No. 23. The HouseCalls program calls members, who have provided their contact information to United HealthCare, with details regarding United HealthCare's health plans.

Wong Decl. ¶ 2, Apr. 24, 2020, ECF No. 23; Soeren Mattke et al., *Medicare Home Visit Program Associated With Fewer Hospital And Nursing Home Admissions, Increased Office Visits*, 34 Health Affairs 2138, 2139 (2015).

Gonzalez alleges that she never gave her consent to be called by Optum and yet Optum called her cellular telephone three times over a span of thirty-seven days. Amd. Compl. ¶ 37, ECF No. 14. Gonzalez claims these calls violate the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). *Id.* ¶ 56. The TCPA prohibits calling, through the use of an autodialer or prerecorded message, any telephone number assigned to a service for which the called party will be charged for the call unless the caller has the called party's consent; or, the call is made solely to collect a debt owed to or guaranteed by the United States. 47 U.S.C. § 227. Congress delegated authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of this provision. *Id.*

 Gonzalez looks to represent other similarly situated individuals like herself, by certifying this case as a class action. Amd. Compl. ¶ 41, ECF No. 14. Optum filed a motion to dismiss, transfer or stay on April 24, 2020, under the first-to-file rule as a similar lawsuit is pending before the United States District Court for the Eastern District of California (ECF No. 23).

## II.    Legal Standards

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule rests on principles of comity and sound judicial administration. *Id.* The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform

result. *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). Within the Fifth Circuit, once a district court has demonstrated that there is a likelihood of substantial overlap between the two suits, the general rule is that the court in which an action is first filed is the appropriate court to determine whether substantially similar issues should proceed. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). When faced with duplicative litigation, "[i]n addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it." *W. Gulf Maritime Ass'n*, 751 F.2d at 729 n.1. In deciding if a substantial overlap exists, the Fifth Circuit has examined factors such as whether "the core issue . . . was the same" or if "much of the proof adduced . . . would likely be identical" between the two lawsuits. *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citing precedent). Where the overlap between two suits is less than complete, the judgment is made case-by-case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute. *Save Power Ltd.*, 121 F.3d at 951.

Even if substantial overlap exists, courts may exercise discretion and decline application of the first-to-file rule in light of "compelling circumstances." *Mann Mfg., Inc.*, 439 F.2d at 407; *see Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 182 (1952) ("[A]n ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts."). The Fifth Circuit has not completely described what constitutes compelling circumstances. *Hart v. Donostia LLC*, 290 F. Supp. 3d 627, 633 (W.D. Tex. 2018). Still, it has endorsed the use of the § 1404 Volkswagen convenience factors as circumstances not to apply

the first-to-file rule. *Id.* (citing *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 603 (5th Cir. 1983)).

### III.     Analysis

Optum argues this case, and the cases pending in the Eastern District of California, substantially overlap. Mot. at 6, ECF No. 23. Optum describes the similarities between the instant case, *Matlock v. United HealthCare Servs., Inc.*, No. 2:13-cv-02206 (E.D. Cal. Oct. 22, 2013), (BL, Court Docket) and *Humphrey v. United HealthCare Servs., Inc.*, No. 2:14-cv-01792, (E.D. Cal. July 30, 2014), (BL, Court Docket). The Court is persuaded that there is a likelihood of substantial overlap between these three cases.

### A.  Comparing the instant case to the cases pending in California

Optum puts forth several similarities, which indicate that this case and the cases pending in the Eastern District of California substantially overlap. As Optum points out, this case, *Matlock*, and *Humphrey* are all nationwide putative class actions with causes of action brought against United HealthCare, or its affiliates like Optum, under the TCPA's cell phone provision, 47 U.S.C § 227(b)(1)(A)(iii). Amd. Compl. ¶¶ 26, 53, ECF No. 14 (Optum called Gonzalez in violation of § 227(b)(1)(A)(iii)); Pritt Decl. ¶¶ 22, 26 p. 9, ECF No. 23-2; Pritt Decl. ¶ 22 p. 19, ECF No. 23-2 ("All of the class members' claims hinge on the common factual and legal contention that Defendant made an illegal call to cellular phone numbers in violation of the TCPA. See 47 [U.S.C.] § 227(b)(1)(A)(iii)."). All three cases plead putative class definitions that include persons who received a prerecorded call. Amd. Compl. ¶ 42, ECF No. 14 ("received a telephone call made through the use of a prerecorded voice"); Pritt Decl. ¶ 24 p. 9, ECF No. 23-2 ("received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an

4

artificial or prerecorded voice"); Pritt Decl. ¶ 20 p. 19, ECF No. 23-2 ("called by United Healthcare using an artificial or prerecorded voice"). Additionally, all three cases allege that the violations were willful or knowing. Amd. Compl. ¶¶ 1, 57, ECF No. 14; Pritt Decl. ¶¶ 40, 41 p. 12, ECF No. 23-2; Pritt Decl. ¶ 30 p. 20, ECF No. 23-2.

Gonzalez argues that this case fails to substantially overlap with the pending Eastern District of California litigation because the putative class members and parties differ. Pl.'s Resp. at 6–7, ECF No. 28. Gonzalez notes that this case concerns Optum, an entity that is not a part of either the *Humphrey* or *Matlock* lawsuits. *Id.* at 6. Additionally, Gonzalez distinguishes the putative class in *Matlock* as encompassing members who received any telephone calls from United HealthCare within four years prior to the filing of the complaint. *Id.* at 7. This class period would place nearly a twenty-eight-month gap between the class period in *Matlock*, and the class period Gonzalez looks to certify. *Id.* (establishing that the class period in *Matlock* encompasses Oct. 22, 2009, through Oct. 22, 2013, and the class period Gonzalez wants to certify includes Feb. 19, 2016, through Feb. 19, 2020). Gonzalez also argues that this Court has a greater interest in resolving this issue, as she resides within this district. *Id.*

Concerning the parties, Optum observes that the proposed class in this case is encompassed by the putative plaintiff class in the *Humphrey* litigation. Def. Reply at 3, ECF No. 29 (stating that the *Humphrey* litigation does not contain the limitation present in *Matlock* and would encompass members from Feb. 18, 2014, through the present). Optum further asserts that it is irrelevant that the defendant in the Californian litigation is United HealthCare, and the defendant in the Texas litigations is United HealthCare's affiliate, Optum. *Id.* Optum claims this is especially true since Gonzalez originally named UnitedHealth Group, United HealthCare's ultimate corporate parent, as a defendant in this action. *Id.* Optum rebuts Gonzalez's claim that

the Western District of Texas should be more interested in resolving this claim based on her residence, by noting that in a proposed class action, such as this, the named plaintiff's choice of forum is afforded very little weight. *McPeters v. LexisNexis*, No. SA-11-CA-154-FB, 2011 WL 13253948, at *4 (W.D. Tex. May 27, 2011).

**B.  Substantial overlap analysis**

The Court is persuaded that the three cases substantially overlap. Factors relevant to substantial overlap include whether "the core issue" in each case is the same and whether "much of the proof adduced . . . would likely be identical." *Sweet Little Mexico Corp.*, 665 F.3d at 678. Here the Court finds that the core issue is the same between all three cases, namely whether United HealthCare or its affiliates had the prior consent of the called party. Moreover, while the proof of consent would be individualized for each plaintiff, the remainder of the proof adduced would likely be identical between all three suits.

Courts also consider the extent to which the cases involve the same parties. *See Save Power*, 121 F.3d at 950–51. Here, the cases involve unique plaintiffs, each looking to represent others similarly situated against UnitedHealth Group, or one or more of UnitedHealth Group's affiliates. At the same time, the proposed class of plaintiffs in this case are a subset of the putative class in the *Humphrey* litigation. Def.'s Reply at 3, ECF No. 29. Being a potential member of putative class action in another court has been seen as a factor in invoking the first-to-file rule to preserve judicial economy. *See Acuna v. CMH Mfg., Inc*., A-11-CA-927-SS, 2011 WL 13324027, at *4 (W.D. Tex. Dec. 19, 2011). Additionally, the Sixth Circuit has used privity among the defendants as a factor to invoke the first-to-file rule. *See Urbain v. Knapp Bros. Mfg. Co.*, 217 F.2d 810, 815 (6th Cir. 1954). As previously stated, all the defendants among the three suits are affiliates or subsidiaries of UnitedHealth Group. The Court determines that there are

sufficient similarities between the parties that the invocation of the first-to-file rule is appropriate.

Despite the above findings, the Court recognizes that the overlap between two suits is less than complete, and that, consequently, the judgment must be made based on such "factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Sweet Little Mexico Corp.*, 665 F.3d at 678. All three of these suits rely on 47 U.S.C. § 227(b)(1)(A)(iii) and an interpretation of the "called party." The previous interpretation of "called party" by the FCC was vacated, and the FCC sought comments on how to reinterpret the term. *ACA Int'l v. Fed. Communications Comm'n*, 885 F.3d 687, 692 (D.C. Cir. 2018); Consumer and Governmental Affairs Bureau Seeks Comment on Interpretation of the Telephone Consumer Protection Act in Light of the D.C. Circuit's ACA International Decision, 83 FR 26284-01, 26285 (June 6, 2018) (FCC seeking input on whether the "called party" refers to the person the caller expected to reach or the person actually reached). Based on overarching issues present in all three cases, the Court finds that the likelihood of conflict is high if two courts were to issue conflicting rulings on the merits of these cases or the interpretations of "called party." Further, the Court finds that the comparative advantages and interest of each forum in resolving the dispute are nearly neutral as all three suits are still in their infancy with no suit even having their class certified as of yet. *Matlock v. United Healthcare Services, Inc.*, No. 2:13-cv-02206 (E.D. Cal. Oct. 22, 2013), (BL, Court Docket) (Matlock's pending Motion to Certify Class was DENIED without prejudice to renew at such time as this stay is lifted). Based on the above reasons, the Court finds that there is a likelihood of substantial overlap between these three suits.

### C.  Examining the compelling circumstances surrounding the instant case

Even if substantial overlap exists, courts may exercise their discretion and decline application of the first-to-file rule in light of "compelling circumstances." *Mann Mfg., Inc.*, 439 F.2d at 407. Further, the Fifth Circuit has endorsed the § 1404 Volkswagen convenience factors as circumstances not to apply the first-to-file rule. *Hart*, 290 F. Supp. 3d at 633. However, the Court notes that Gonzalez makes no showing of compelling circumstances in her briefing. *See generally* Pl. Resp, ECF No. 28. Without proper briefing, the Court may only speculate as to what compelling circumstances may exist or whether the § 1404 Volkswagen convenience factors would point towards compelling circumstances in which not to apply the first-to-file rule. Outside of the convenience factors, compelling circumstances have been determined to exist when a "party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that a preemptive lawsuit could be filed." *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 827 (W.D. Tex. 2015). The Court finds nothing in the record that could support bad faith conduct; thus, the Court finds no compelling circumstances in which to exercise its discretion.[1]

### D.  Motion to Dismiss

Optum argues that if this Court finds substantial overlap between the cases, this Court should apply the "default remedy" of the first-to-file rule by dismissing Gonzalez's claims. Mot. at 8, ECF No. 23. With this assertion, the Court cannot agree. Within the Fifth Circuit, it is the court in which the action was first filed, not the later filed court, which determines whether subsequently filed cases involving substantially similar issues should proceed. *Cadle Co.*, 174 F.3d at 606. The "first-to-file rule" not only determines that the first court may decide the merits

---

[1] Gonzalez states that the pending litigation in California has been stayed for close to six years, but the Court does not find the stay to be in bad faith. Pl.'s Resp. at 2, ECF No. 28.

of substantially similar issues, but also establishes that same court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated. *Id.* In urging this Court to apply the "default remedy" of dismissal, Optum ignores the above precedent of the Fifth Circuit and asks the Court to do what the Fifth Circuit has found to be an abuse of judicial discretion. *Cadle Co.*, 174 F.3d at 606 (vacating the district court's ruling and remanding the case due to the district court's error of dismissing the suit once the district court found that the issues might substantially overlap). Therefore, the Court declines to dismiss this case, despite the finding of substantial overlap between the three suits.

### E.  Motion to Transfer

Optum argues that if this Court declines to dismiss this claim, this Court should transfer it to the Eastern District of California. Mot. at 8, ECF No. 23. The Court can agree with this assertion. While perhaps not the default remedy, the Fifth Circuit has made it clear that the *proper* course of action is for the District Court to transfer the case to the first-to-file court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. *Cadle Co*., 174 F.3d at 606. Moreover, the Fifth Circuit has found the refusal to transfer cases after determining there is a likelihood of a substantial overlap to be an abuse of discretion. *Save Power Ltd.*, 121 F.3d at 951-52 (holding district court's failure to transfer case was an abuse of discretion when there was "substantial overlap" between it and the first-filed case). Therefore, the Court finds that transferring this case to the Eastern District of California to be proper in light of the likelihood of substantial overlap this case has with the other pending litigation.[2]

---

[2]The Court determines that ruling on the Motion to Stay, deciding whether the primary jurisdiction doctrine applies, and evaluating whether a stay will prejudice either party is mooted by the decision to grant the motion to transfer. The Court makes no opinion about the merits of these additional arguments.

## IV.     Conclusion

Having found that the first-to-file rule applies and that the proper course of action is to transfer the case, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss, Transfer or Stay (ECF No. 23). The Court **GRANTS** Defendant's Motion to Transfer and **TRANSFERS** this case to the docket of Chief Judge Morrison C. England, Jr. in the Eastern District of California, Sacramento Division; **DENIES** Defendant's Motion to Dismiss; and, **DENIES AS MOOT** Defendant's Motion to Stay.

**SIGNED** this 3rd day of June, 2020.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE